IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1172C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's first amended complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first and second sentences of paragraph 4 to the extent supported by the solicitation and contract cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first and second sentence of paragraph 4. Denies the allegations contained in the third sentence of paragraph 4. Admits the remainder of the allegations contained in paragraph 4 to the extent supported by the Accords and Letter cited, which are the best evidence of their contents; otherwise, denies the remainder of the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the solicitation and contract cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract and Notice to Proceed cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 7.

8. The allegations in paragraph 8 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations in paragraph 9 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations in paragraph 10 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in paragraph 14 to the extent supported by the specification cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies.

20. Denies.

21. Denies that the specification requirements were impossible or defective; otherwise, denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22, except to admit that the Joint Venture submitted certain test results indicating that these tests were unsuccessful.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies, except to admit that the JV caused delay to the project.

26. Denies the allegation contained in the first sentence of paragraph 26 that the specification was impossible or defective; otherwise, denies the allegations contained in the first sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 26.

27. Denies the allegations contained in the first sentence of paragraph 27. The Defendant denies the allegations contained in the second sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies the allegations contained in the first sentence of paragraph 28. Denies the allegation contained in the second sentence of paragraph 28, except to admit that one of the buildings was all concrete and the other two had interior panel construction.

29. Denies.

30. Denies the allegations contained in the first sentence of paragraph 30. Admits the allegation in the second sentence of paragraph 30.

31. Admits that by letter of November 2, 2002, the Government made a request concerning the referenced matter. Admits the remainder of the allegations contained in paragraph 31 to the extent supported by this letter, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 31.

32. Admits.

33. Admits.

34. Denies.

35. Admits.

36. Denies, except to admit that the Government relaxed the pressure testing requirement.

37. Denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies.

39. The allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. Denies the allegation contained in the first and second sentence of paragraph 40. The remainder of the allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in the first sentence of paragraph 41 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 41. The remainder of the allegations contained in paragraph 41 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

42. Denies.

43. Denies the allegations contained in the first sentence of paragraph 43. Admits the allegations contained in the second and third sentence of paragraph 43.

44. Denies the allegations contained in the first and third sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remainder of the allegations contained in paragraph 44.

45. Denies.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent supported by the Government-provided design cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 46. Denies the remainder of the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Admits the allegations contained in paragraph 47 to the extent supported by the solicitation and specification cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the contract amendment cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Admits the allegations contained in paragraph 50 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 51.

52. Denies.

53. Denies.

54. The allegations in paragraph 54 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. Admits the allegations contained in paragraph 55 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 55. Denies that the Joint Venture submitted a certified claim or requested a Contracting Officer's final decision with respect to any of the matters alleged in paragraphs 46 through 54 of the amended complaint

56. Admits the allegations contained in paragraph 56 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 57.

58. Denies that plaintiff is entitled to any of the relief requested in the prayer for relief, or to any relief whatsoever.

59. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

60. Plaintiff's claims based upon the allegations contained in paragraphs 41 through 54 of the amended complaint are barred by the defense of accord and satisfaction.

61. Plaintiff's claims based upon the allegations contained in paragraphs 41 through 54 of the amended complaint are barred by the defense of waiver.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**Filed electronically**

**s/David M. Cohen**
DAVID M. COHEN
Director

OF COUNSEL:

PAUL CHEVERIE
Command Counsel
LAURA SMITH
Deputy District Counsel
Europe District
U.S. Army Corps of Engineers

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

January 3, 2006